IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| LARRY MIKE SITTON, individually and as executor of the estates of ODUS & LENA MAE SITTON, MARGO SITTON & STEPHEN DWAYNE SITTON d/b/a CIRCLE S. NURSERY,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>        Defendant. | §§§§§§§§§§§§§§§§ | CASE NO. _____ |

**PLAINTIFFS' ORIGINAL COMPLAINT AND
REQUEST FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, LARRY MIKE SITTON, individually and as executor of the estates of ODUS & LENA MAE SITTON, MARGO SITTON & STEPHEN DWAYNE SITTON d/b/a CIRCLE S. NURSERY ("Plaintiffs") and file this their Original Petition and Request for Declaratory Judgment pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code against UNITED STATES SMALL BUSINESS ADMINISTRATION (the "Defendant" or the "SBA") and allege as follows:

### I.     PARTIES

1.     Plaintiff Larry Mike Sitton is an individual and the executor of the estates of Odus & Lena Mae Sitton, deceased, who resides at 15700 CR 433, Lindale, TX 75771 and may be served through his attorney of record.  Plaintiff brings this suit in both his individual capacity and as the executor of the estates of Odus & Lena Mae Sitton.

2. Plaintiff Margo Sitton is an individual who resides at 15700 CR 433, Lindale, TX 75771 and may be served through her attorney of record.

3. Plaintiff Stephen Dwayne Sitton is an individual who resides at 19586 Dove Ridge Dr., Lindale, TX 75771 and may be served through his attorney of record.

4. Defendant may be served in accordance with Federal Rule of Civil Procedure 4(i)(1)(A) by delivering a copy of the summons and the Original Complaint to the United States Attorney for the Eastern District of Texas, Brit Featherston, 550 Fannin, Suite 1250 Beaumont, Texas, 77701, in accordance with Federal Rule of Civil Procedure 4(i)(1)(B) by sending a copy of the summons and Original Complaint via certified mail to the Attorney General of the United States at Washington, 940 Pennsylvania Avenue, NW, Washington, DC 20530-000 and, in accordance with Federal Rule of Civil Procedure 4(i)(2) by sending a copy of the summons and Original Complaint to the SBA via certified mail to Therese Meers, General Counsel for the SBA at Office of General Counsel, 409 Third St., SW, Washington, DC 20416.

## II.   JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 15 U.S.C. §634(b)(1) giving this Court jurisdiction over suits brought by or against the SBA and 28 U.S.C. §1331 because this matter is a civil action arising under the laws of the United States and involves questions of federal law.  This Court has pendent jurisdiction over Plaintiffs' claims arising under Texas state law.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(e) because a substantial part of the property that is the subject of the action is situated in this District.

/ / /

/ / /

/ / /

## IV.    FACTS

7.    On or about January 3, 1985, the SBA alleges that Plaintiffs obtained a small business loan in the amount of $166,100.00 (the "Loan") and signed a promissory note to that effect (the "Promissory Note").

8.    The Promissory Note was secured by certain real property owned by Plaintiffs (the "Property") and located in Smith County as evidenced by a deed of trust (the "Deed of Trust") signed on or about February 7, 1985.  The parties to the Deed of Trust were (and are) Plaintiffs as Grantors, J. F. Simkins as Trustee, and the SBA as Beneficiary.  A corrected Deed of Trust was signed by the same parties on or about April 18, 1985 for the sole purpose of correcting the legal description of the real estate (the "Deed of Trust")(a true and correct copy of the Deed of Trust is attached hereto as Exhibit A and incorporated by reference as if fully set forth herein).

9.    The SBA claims the Plaintiffs defaulted on the Promissory Note on April 26, 1988.

10.    Plaintiffs have requested that the SBA provide them with a copy of the Promissory Note, but the SBA has been unable to locate the Promissory Note and, upon information and belief, may no longer be in possession of the Promissory Note.

11.    The SBA has taken no legal action against Plaintiffs in the more than 34 years from April 26, 1988 to the present date, including neither: (a) to sue for the alleged breach of, or to enforce the alleged debt evidenced by, the Promissory Note; nor (b) to sue to for any alleged breach of, or to otherwise seek enforce (by foreclosure or otherwise) any rights the SBA may have had in or to the Property under, the Deed of Trust, as modified.  Nevertheless, the SBA continues to assert that that Plaintiffs still owe the SBA money pursuant to the Promissory Note, and that the SBA is still entitled to claim and enforce the Deed of Trust and the Lien on or against the Property.

/ / /

## V.   DECLARATORY RELIEF SOUGHT

12. Pursuant to 28 U.S.C. §2201, et seq., in the case of actual controversy within its jurisdiction, the Court may declare rights and other legal relations of a party seeking such declaration whether or not further relief is or could be sought.

**A.   The SBA is barred by the six-year statute of limitations from suing Plaintiffs to enforce the Note pursuant to 28 U.S.C. §2415.**

13. The Promissory Note was allegedly signed on January 3, 1985. Defendant claims that Plaintiffs defaulted on the Promissory Note on April 26, 1988. 28 U.S.C. §2415(a) establishes the federal statute of limitations applicable to SBA actions to recover under the contract for non-payment under a promissory note. Any suit to collect on a note, must be filed within six years after the right of action accrued. The right of action accrues at the point when "facts material to the right of action" are known or should have been known by a government official who is "charged with the responsibility to act in the circumstances." 28 U.S.C. §2416.

14. It is undisputed that the SBA's own records reflect that SBA maintained that Plaintiffs defaulted on the Promissory Note on April 26, 1988. As such, the Defendant's right of action accrued when they allege Plaintiffs defaulted on the Promissory Note. The statute of limitations therefore ran on any claim for breach of the Promissory Note on April 26, 1994 – over 28 years ago – and in the more than 32 years since the SBA acknowledges a default occurred, no event giving rise to tolling of the applicable limitations has occurred, nor have Plaintiffs made any payments or signed any acknowledgments that would renew, extend or suspend the running of limitations, or ratify any obligation to pay the debt. Based on the foregoing, Plaintiffs seek declaratory relief from this Court that any claim for breach of the Promissory Note, and SBA's right to enforce any obligation thereunder, is barred by statute of limitations.

**B.     Because the Promissory Note is unenforceable due to the expiration of the applicable statute of limitations, and because the SBA did not seek to enforce the Deed of Trust within the applicable limitations period, the Deed of Trust is therefore unenforceable.**

15.     Where, as here, a promissory note is unenforceable due to the expiration of the applicable statute of limitations, any deed of trust securing repayment of such note is also unenforceable.  As established above, he statute of limitations expired on the Promissory Note on April 26, 1994, over 28 years ago without the SBA having taken any action in the interim (or thereafter) to file a lawsuit to enforce it or seek to collect the debt it evidenced.  Since the Promissory Note and the associated debt are both uncollectible due to the running of limitations, the Deed of Trust itself (whose sole purpose is to secure collection of the Promissory Note), and any obligations under the Deed of Trust securing the Promissory Note, are also unenforceable.

16.     Even if the Promissory Note were still enforceable, under Texas law a deed of trust is a separate contract from that of a promissory note, and the right to enforce provisions of a deed of trust, whether by suit or foreclosure, are subject to separate statutes of limitations which, under Texas law, expire four (4) years from accrual.  *See* TEX. CIV. PRAC. & REM. CODE §§ 16.035(a) (providing that a "person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues") and 16.035(b) (providing that a "sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues.").  The SBA's rights to enforce the Deed of Trust, separate and apart from the expiry of the Promissory Note the Deed of Trust was created to secure, expired on April 26, 1992, or at the very latest, April 26, 1994.  For the reasons stated above, Plaintiffs seek declaratory relief that Defendant may no longer enforce the Deed of Trust.

C.  **The SBA may not take any action to "offset" the Loan amounts allegedly owed because more than ten years have passed since Plaintiffs allegedly defaulted on the Promissory Note pursuant to 13 C.F.R. §140.3.**

17.  Defendant is authorized to offset past-due debts through offset using any of three procedures:  administrative offset, salary offset, or IRS tax refund offset.  13 C.F.R. §140.2(b).  Non-judgment debts, such as the one Defendant alleges to be owed via the Promissory Note, are enforceable for ten years.  13 C.F.R. §140.3(f).  The SBA has acknowledged that it believes that Plaintiffs defaulted on the Promissory Note on April 26, 1988.  Defendant SBA could have attempted to collect from Plaintiffs via offset until April 26, 1998, but SBA failed to do so or to attempt to do so.  Plaintiffs seek declaratory relief from this Court that Defendant may not seek to collect any monies it claims it is owed pursuant to the Promissory Note using any of the offset methods available to it.

D.  **Upon information and belief the SBA is no longer the owner and holder of the Promissory Note and/or cannot locate the Promissory Note and therefore is unable to enforce the Promissory Note pursuant to TEX. BUS. & COMM. CODE §3.301, §3.308 and §3.804 (repealed).**

18.  To prevail on a suit on a promissory note, a party must prove: (1) the existence and terms of the note in question; (2) that the party allegedly owing on the note signed the note; (3) that the party suing on the note is the owner or holder of the note; and (4) that a certain balance is due and owing on the note.  Defendant cannot establish that Plaintiffs signed the Promissory Note as required by §3.308 of the TEX. BUS. & COMM. CODE, nor can Defendant prove, on information and belief, the terms of the Promissory Note, or that it is the owner and holder of the Promissory Note because it is not in possession of the Promissory Note as required by §3.301 of the TEX. BUS. & COMM. CODE.

19.  Where, as here, any cause of action under the Promissory Note accrued prior to January 1, 1996 §3.804 (repealed) of the TEX. BUS. & COMM. CODE applies to enforcing a lost

note. Under that section, a note holder can enforce a lost note if it can prove its ownership of the note and prove the facts which prevent production of the original note. Where an alleged note holder cannot produce even a copy of the note, the note holder is not entitled to enforcement of the lost note. On information and belief, based on having requested a copy of the Promissory Note and on the SBA's failure to locate and produce same, Defendant is neither in possession of the original Promissory Note nor a copy of the Promissory Note. As such, Plaintiffs seek declaratory relief that Defendant cannot enforce the Promissory Note because the SBA is unable to prove that Plaintiffs signed the Promissory Note, the terms of the Promissory Note, or that Defendant is the owner or holder of the Promissory Note.

## VI. REQUEST FOR EQUITABLE RELIEF TO REMOVE CLOUD ON TITLE OR QUIET TITLE

20. Plaintiffs request that this Court declare that any claim Defendant has or may assert against the Property via the Deed of Trust be declared invalid and unenforceable. The elements of a cause of action to remove a cloud on title are: 1) an interest in a specific property; 2) title to the property is affected by a claim made by another party (such as a lienholder); and 3) the claim, though facially valid, is invalid or unenforceable. As set forth above, Plaintiffs are the owners of the Property. Defendant has asserted a claim to equitable title to or an encumbrance against the Property as an alleged lienholder via the Deed of Trust. Defendant's claim asserted against the Property, although facially valid, is invalid and unenforceable for the reasons described above. As such, Plaintiffs are entitled to an order from this Court that Defendant's claim on the Property is invalid and unenforceable and striking and cancelling the Deed of Trust.

##  VII. RELIEF SOUGHT

21. Plaintiffs respectfully request the following relief from the Court:

      a.      Declaratory Judgment that enforcement of the Promissory Note or the debt evidenced thereby is barred by statute of limitations and therefore the Promissory Note is unenforceable;

      b.      Declaratory Judgment that Defendant may not take any action to enforce the terms of the Deed of Trust because (i) the Promissory Note it secures is unenforceable; and/or (ii) because enforcement of the Deed of Trust is barred under the applicable statutes of limitations;

      c.      Declaratory Judgment that Defendant may not seek to collect any monies it claims it is owed pursuant to the Promissory Note using any of the offset methods available under federal law as the period during which such offsets were available has expired;

      d.      Declaratory Judgment that Defendant cannot enforce the Promissory Note because it cannot prove that Plaintiffs signed the Promissory Note, it cannot prove up the terms of the Promissory Note, and/or it cannot prove that it is the owner and holder of the Promissory Note;

      e.      An order from this Court that Defendant's claim on the Property is invalid and unenforceable, striking and cancelling the Deed of Trust, and noting the invalidity of the Deed of Trust in the real property records where the Property is located; and

      f.      All other relief to which Plaintiffs have shown themselves entitled under law or equity.

Respectfully submitted,
**STROMBERG STOCK, P.L.L.C.**

By: /s/ *Mark Stromberg*
      Mark Stromberg
      State Bar No. 1940883
Campbell Centre I
8350 North Central Expwy., Ste. 1225
Telephone:  (972) 458-5353
Facsimile:  (972) 861-5339
Email:  mark@strombergstock.com
**ATTORNEYS FOR PLAINTIFFS**